**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **OBM, INC. ET AL.,** ) | |
| ) | |
| Plaintiffs. ) | |
| ) | CASE NO. 1:25-cv-0610-JRR |
| v. ) | |
| ) | |
| **MADISON CAMPBELL** ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MEMORANDUM TO THE PARTIES'**
**STIPULATED MOTION TO SEAL COMPLAINT**

The Plaintiffs, by and through undersigned counsel, and pursuant to Local Rule 105.11, and the Court's correspondence to the Parties dated March 25, 2025, hereby file this Supplemental Memorandum to the Stipulated Motion to Seal Complaint (ECF No. 1), and in support thereof state as follows:

1.      On March 6, 2025, the Parties filed a Stipulated Motion to Seal Complaint (ECF No. 3) (the "Motion to Seal").

2.      On March 25, 2025, the Court issued an Order (ECF No. 6) directing the Parties to supplement their Motion to Seal by "address[ing] Fourth Circuit precedent related to the First Amendment right of access to civil complaints, and the standard for sealing complaints in view of same" and "why alternatives to sealing would be insufficient."  The Plaintiffs hereby respond to the Court's order by providing the following supplemental memorandum and points of authority, as directed by this Honorable Court.

1

**MEMORANDUM AND POINTS OF AUTHORITY**

3.      The Fourth Circuit has held that "[i]t is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). This right of public access "springs from the First Amendment and the common law tradition that court proceedings are presumptively open to public scrutiny." *Id*. While the common law presumption of right of access "extends to all judicial documents and records," *id*, at 266, "the First Amendment guarantee of access has been extended only to particular judicial records and documents," *United States v. McComber*, No. ELH-21-036, 2024 U.S. Dist. LEXIS 96776, at *22 (D. Md. May 31, 2024).

4.      "A sealing involving 'judicial records and documents' can be accomplished 'without violating First Amendment rights only if (1) closure serves a compelling interest; (2) there is a "substantial probability" that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest.'" *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376-377 (4th Cir. 2021) (quoting *In re Washington Post Co.*, 807 F.2d 383, 390, 392 (4th Cir. 1986).

5.      The Fourth Circuit has held that the "press and public enjoy a First Amendment right of access to newly filed civil complaints." *Courthouse News Serv. V. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021). However, even when a First Amendment right of access applies, the Fourth Circuit has noted that "'[t]he mere existence of' such a right 'does not entitle the press and public to access in every case.'" *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020) (quoting *In re Wash. Post*, 807 F.2d 383, 390 (4th Cir. 1986)). Further, the Fourth Circuit has noted that "[t]he interest of the public and press in access to civil proceedings is at its apex when the *government* is a party to the litigation." *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (emphasis added).

6.      The Fourth Circuit has recognized that privacy and confidentiality concerns of private individuals are compelling interests, and may, in some cases, trump the general presumption of openness of judicial proceedings, even under the more stringent First Amendment standard. *See, e.g. McComber*, 2024 U.S. Dist. LEXIS 96776, at \*31-33 (noting that "it is appropriate in some circumstances to seal information about a defendant's medical or personal history" that "may only serve to gratify private spite or promote public scandal."). This is especially true in cases involving allegations of sensitive personal detail, such as graphic sexual-related facts. *See Borkowski v. Balt. Cty.,* 492 F. Supp. 3d 454, 494 (D. Md. 2020) (granting Defendant's motion to seal an investigative report into the sexual assault of a Plaintiff due to the inclusion of "sensitive and graphic details of [the Plaintiff's] personal life and the lives of her alleged assailants" contained in the report); *Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) (holding that a case involving "intimate details of [Plaintiff's] sexual assault and resulting 'psychological trauma' . . . implicates 'privacy or confidentiality concerns' of the highest order.") (quoting *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993)).

7.      Courts in this Circuit have also recognized "that an interest in protecting the physical *and psychological* well-being of individuals related to the litigation . . . may justify restricting access" and such an interest is "no less compelling in the First Amendment context." *Doe*, 962 F.3d, at 147-148 (quoting *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)) (emphasis added).

8.      Further, this Court has recognized that "[t]he public right of access may be outweighed 'where court files might have become a vehicle for improper purposes.'" *Sigal v. Creamer*, Civil Action No. DKC 15-1735, 2017 U.S. Dist. LEXIS 93589 (D. Md. June 19, 2017) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, at 598 (1978)). In *Sigal,* this Court noted that the parties agreed that the allegations "have the potential to promote unnecessary public scandal

involving individual parties who have agreed to resolve and dismiss their private dispute," and if the case file were not sealed, "the existing and prospective reputational/financial harm to the parties . . . would be significant/material with no countervailing public interest or gain to be had," and thus sealing was appropriate. *Id.* at \*4-5.

9.      The "substantial probability" prong of the First Amendment analysis can be met when the Court finds that there is "a heightened risk" of harm, even in the absence of any direct threat. *See, Doe*, 962 F.3d, at 149 ("To be sure, the record does not reveal any direct threats to Defendant. But direct threats are not a strict condition precedent to a district court's granting of a closure motion.") (citations omitted).

10.     Courts in this Circuit have held that when "options less burdensome to the public's right of access" are available, a motion to seal a document in its entirety will not be granted. *Waypoint Consulting, Inc. v. Krone*, No. ELH-19-2988, 2022 U.S. Dist. LEXIS 52076, at \*22 (D. Md. Mar. 22, 2022). Thus, when judicial records or documents "are replete with information for which sealing is totally unwarranted," there is no compelling need that warrants sealing of such documents in their entirety, because any confidential or highly personal information can easily be redacted without compromising the integrity of the record as a whole. *Id.*, at 21. Contrast this with judicial records or documents that contain high amounts of confidential or personal information; in such instances, redaction does not serve as an adequate alternative to sealing due to the sheer amount of information that would need to be redacted in order to adequately protect the Parties' compelling interests. See, e.g. *Borkowski,* 492 F. Supp. 3d 454, 494 (granting Defendant's motion to seal an investigative report into the sexual assault of a Plaintiff and noting that "there would be no way to effectively redact this investigative report while having it maintain coherence.").

4

11.    The allegations set forth in the Complaint, and which would be set forth in a counterclaim, are of a highly private nature and are of the kind in which the privacy interests of the Parties are sufficiently compelling to outweigh the general public interest in the details of this, or any, lawsuit.

12.    There is a substantial probability that, should the Complaint remain open and available to the public, the compelling interests in protecting the privacy and confidentiality of the Parties would be irreparably harmed. The allegations set forth in the Complaint, and which would be set forth in a counterclaim, involve highly intimate details between two private parties, and allegations and facts of a sexual nature. Such allegations have the potential to cause significant reputational damage and psychological distress to the Parties and promote unnecessary public scandal between individuals who have agreed to resolve and dismiss their private dispute.

13.    Because the information to be sealed is of such a highly sensitive personal nature, there is no alternative to sealing that would provide sufficient protection without compromising the coherence of the Complaint. In the Parties' original Stipulated Motion to Seal Complaint (ECF No. 3), the Parties proposed in the alternative that the Complaint be sealed partially through redaction, as set forth in the attached Exhibit A. However, in the Court's order directing the Parties to supplement their stipulated Motion to Seal Complaint, the Court noted that "the proposed redacted complaint is the functional equivalent of sealing given the level of redaction" (ECF No. 6). Given that the Complaint is replete with highly sensitive and intimate details, anything less than the significant redaction proposed in Exhibit A would not sufficiently protect the Parties' compelling interests in privacy.

14.     That being said, the redacted version of the Complaint presented by the Parties in Exhibit A does not deprive the public of notice of the case or knowledge of the nature of the dispute at issue, i.e., an assertion by Defendant of improper sexual conduct that Plaintiffs assert to be defamatory and an intentional infliction of emotional distress. To the extent that the public needs to know why the Parties are at odds, this general description, still comprehensible in the redacted Complaint, satisfies the public's First Amendment right to know about public filings, but does so in a way that avoids the disclosure of salacious details that serve no legitimate public interest and would be of interest only to those with prurient and voyeuristic inclinations.

## CONCLUSION

15.     For the foregoing reasons, the Plaintiffs respectfully request that the Court grant the stipulated Motion to Seal.

Dated: April 9, 2025

Respectfully submitted,

SMITH & DOWNEY, PA.

/s/ Douglas W. Desmarais
Douglas W. Desmarais (Bar No. 5180)
Kerstin M. Miller (Bar No. 29736)
320 E. Towsontown Blvd., Suite 1E
Baltimore, MD 21286
(410) 321-9000 (phone)
(410) 321-6270 (fax)
ddesmarais@smithdowney.com
kmiller@smithdowney.com
*Attorneys for Plaintiffs*

**I HEREBY CERTIFY** that on this 9th day of April, 2025, a copy of the foregoing **SUPPLEMENTAL MEMORANDUM TO THE PARTIES' STIPULATED MOTION TO SEAL COMPLAINT** was served via the Court's electronic filing system on Roya Vasseghi, 9663-D Main St., Fairfax, VA 2203, *Attorney for Defendant.*

_____*Douglas W. Desmarais /s/*_____